Hall, J.
The defendant was examined in supplementary proceedings in the action in October, 1884, and his examination was completed and sworn to on the 14th of that month, and no adjournment of the proceedings was taken for any purpose, and no motion for a receiver was made at that time, nor did it appear upon such examination or from any proceeding before the court at that time that a receiver of the judgment debtor’s property had been appointed under any other judgment or in any other proceeding.
On the 17th of October, 1884, an affidavit was presented to the judge before whom the proceeding had been pending showing that a receiver had been appointed in another proceeding, and thereupon, without any notice to the judgment debtor and without any continuation of the proceeding, an order was made extending the receivership of E. A. Tuttle to the judgment herein, and awarding thirty dollars costs to the judgment debtor. No opportunity was given to the judgment debtor to be heard as to the fact whether the examination had disclosed property or upon the question of costs.
If the order had been to appoint a receiver instead of extending a receivership there can he no question but it would have been void. Section 2464 of the Code expressly provides that notice must be given to the debtor unless dispensed with by the justice for cause, or unless the motion is made upon the return of the order, or upon the conclusion of the examination. Section 2466 provides that w¡hen a receiver has been appointed in another proceeding, the judge, instead of making an order as prescribed in section 2464, must make an order extending the receivership.
I find nothing in section 2466 dispensing with notice to the debtor, and the same reason for giving notice under section 2464. would apply with equal force to section 2466.
If no property has been discovered there should be no receiver appointed, and at least the debtor should have an opportunity of contesting the question of the allowance of costs, as it might be made to appear that he had been subjected, to frequent and annoying examinations without dis *286 covering property, in which case the court or judge should not allow costs.
I am therefore of opinion that the order of October 11, 1884, extending the receivership to this proceeding was unauthorized.
But these motions can be disposed of upon other grounds even if the order extending the receivership was valid and in force.
On the 8th day of September, 1886, a new proceeding was instituted for the examination of the judgment debtor upon the ground that he had subsequently to the previous examination acquired property. An order for the examination was made on that day, returnable on the 9th day of September, 1886, and the return day was afterwards altered to the 14th.
This order was not served upon the judgment debtor, but a subpoena in the proceeding was issued to Washington E. Hall, returnable on September 9th, and was served upon him, and he was examined on the 9th. No order had been made up to this time dispensing with service of the order for examination upon the debtor, but on the 10th of September an order was entered at special term without notice to the debtor, directing him to transfer certain property to the receiver. This order contains a direction waiving service [“hereof”] of the notice of motion to direct the transfer.
The old proceeding having been closed, no new proceeding could be taken without service of a new order upon the debtor, no more than a new action could be commenced without serving a summons, and even though it be claimed that service of the order for examination was waived by the direction contained in the order of September 10th, that latter order was not made until the proceedings had been had and the witness examined in the alleged new proceeding; but as a matter of fact no proceeding was pending when the witness was examined, and the order of September 10th was made four days before the final return day of the order for defendant’s examination.
But the judge had no power to dispense with service of the order for examination. Section 2452 of the Code provides the mode of service of the order, and I fail to find any provision for a different mode of service or for dispensing with service.
Therefore, I am firmly of the opinion that there was no special proceeding pending and that the order of September 10th was unauthorized and void.
Even if the order was regularly made in a special proceeding, no proceeding to punish for contempt could be based upon it as it is not made by a judge as provided by *287 section 2447, but it is a special term order and entered as such.
The order of October 17th, 1884, extended the receivership, must be set aside and also the order of September 10th, 1886, directing the transfer to the receiver, and the niotion to punish the judgment debtor for contempt must be denied; defendant may have ten dollars costs of one motion to be deducted from the judgment.